UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

| | | |
|---|---|---|
| In re: | : | CASE NO.: 19-26391-LMI |
| | : | |
| NICOLAS VILLALOBOS | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| _____ / | | |

**TRUSTEE'S OBJECTION TO CLAIM**

> **IMPORTANT NOTICE TO CREDITORS:**
> **THIS IS AN OBJECTION TO YOUR CLAIM**
>
> **This objection seeks either to disallow or reduce the amount or change the priority status of the claim filed by you or on your behalf. Please read this objection carefully to identify which claim is objected to and what disposition of your claim is recommended.**
>
> **If you disagree with the objection or the recommended treatment, you must file a written response WITHIN 30 DAYS from the date of service of this objection, explaining why your claim should be allowed as presently filed, and you must serve (mail) a copy to the Trustee OR YOUR CLAIM MAY BE DISPOSED OF IN ACCORDANCE WITH THE RECOMMENDATION IN THIS OBJECTION.**
>
> **Any written response must contain the case name, case number, and must be filed with the Clerk of the United States Bankruptcy Court, C. Clyde Atkins United States Courthouse, 301 N. Miami Avenue, Room 150, Miami, FL 33128.**

Pursuant to FRBP 3007 and Local Rule 3007-1, the Trustee objects to the following claims filed in this case:

| Claim No. | Name of Claimant | Amount of Claim | Basis for Objection and Recommended Disposition |
|---|---|---|---|
| 4-1 | Space Coast Credit Union<br>Isabella V Colleran, Esq.<br>Blaxberg Grayson Kukoff & Forteza, P.A.<br>25 SW 2nd Avenue Suite 730<br>Miami, FL 33131 | $4,414.58 | **Objection:** Based upon the Trustee's ongoing review of the claims filed in this matter, and the Debtor's bankruptcy petition and schedules and other relevant financial documents, the Trustee submits that the Trustee is unable to verify the validity of the claim asserted in Claim No. 4-1, filed by Blaxberg Grayson Kukoff & Forteza, P.A. in the amount of $4,414.58. The Trustee submits that the property |

|  |  |  | attached to this claim was abandoned [D.E. 16] and the Debtor's intention was to surrender the property [D.E. 24].<br><br>Specifically, the Trustee is unable to ascertain whether the Claimant in fact has a claim against the Debtor's estate for the following reasons:<br><br>1. The Claimant has not produced any documentation to the Trustee which enables the Trustee to verify the validity of the claim. For example, if the property was repossessed and sold, the Trustee requests the production of an account statement evidencing the claim amount is a deficiency balance.<br><br>2. The Trustee's concerns are consistent with the requirements of Fed.R.Bankr.P.3001, and the provisions of 11 U.S.C. §502(b). Rule 3001(c)(3)(B) provides that "on written request by a party in interest, the holder of a claim based on an open-end or revolving consumer credit agreement shall, within 30 days after the request is sent, provide the requesting party a copy of the writing specified in paragraph (1) of this subdivision," i.e. the writing upon which the proof of claim is based. With respect to the provisions of §502(b)(1), it is well established that claims shall not be allowed if the claim would be unenforceable against the Debtor under applicable non-bankruptcy law. If the Trustee cannot tell based on the claim, as it is filed, whether the creditor authorized the filing of the proof of claim, then it is similarly impossible to tell |
|---|---|---|---|

| | | | |
|---|---|---|---|
| | | | whether the claim is enforceable against the Debtor. Additionally, if the Trustee cannot tell whether a claim is valid and enforceable against the Debtor based on the claim as-filed, then the Trustee cannot perform his statutory duties pursuant to 11 U.S.C. §704(5).<br><br>The Trustee requests that the Claimant produce documentation to the Trustee in order to establish the validity and extent of this Claim, specifically an account statement, a credit agreement, or another document which clear evidences the pre-petition Debtor-Creditor relationship.<br><br>This information and/or documentation should be produced to the Trustee at his business address at 16 SW 1st Avenue, Miami, FL 33130 and should clearly state the name of the Debtor, the Case Number, the Claim Number, and the Claimant's name.<br><br>**Recommended Disposition:** In the event that the Claimant is unable to provide the Trustee with sufficient information and/or documentation to allow the Trustee to ascertain the validity and extent of the Claim, the Trustee requests that Claim No. 4-1 be stricken and disallowed. |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing was mailed on this 3rd day of June, 2020 to: the creditors listed in the Objection to Claim as follows:

Space Coast Credit Union
**Isabelle V Colleran, Esq.**
**Attorney for Space Coast Credit Union**
Blaxberg Grayson Kukoff & Forteza, P.A.
25 SW 2nd Avenue Suite 730
Miami, FL 33131

**I CERTIFY THAT** a copy of the foregoing was served via the Notice of Electronic Filing on this 3rd day of June, 2020, to:

- Robert A Angueira    trustee@rabankruptcy.com, fl79@ecfcbis.com;raa@trustesolutions.net;tassistant@rabankruptcy.com;richard@rabankruptcy.com;lillian@rabankruptcy.com
- Isabel V Colleran    isabel.colleran@blaxgray.com, legalassistB@blaxgray.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Robert Sanchez    court@bankruptcyclinic.com, r51375@notify.bestcase.com

Dated:   June 3, 2020

        ROBERT A. ANGUEIRA
        Chapter 7 Trustee
        16 SW 1st Avenue
        Miami, FL 33130
        Tel. (305) 263-3328
        e-mail trustee@rabankruptcy.com

        By   */s/ Robert A. Angueira, Esq.*
            ROBERT A. ANGUEIRA
            Chapter 7 Trustee
            Florida Bar No. 0833241